Agnes **KEARNS**, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**, Defendant.

No. 76 CV 2025 (ERN).

United States District Court, E.D. New York.

April 19, 1983.

Bernard G. Savage, Staten Island, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by Leonard A. Sclafani, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

Plaintiff, the widow of a deceased former miner, brought this action to review a final decision of the Secretary of Health and Human Services denying her claim for "black lung" benefits. The case was referred to a United States Magistrate to review the administrative record and the submissions of the parties and to report his recommendation to the Court. That has been done and the matter is now before the Court on the Magistrate's recommendation that the case be remanded to the Secretary for a determination of the credibility of affidavits in the record which indicate that the decedent was totally disabled at the time of his death on December 9, 1964.

Upon an independent searching review of the administrative record the Court agrees that the case should be remanded to the Secretary but not for the purpose suggested by the Magistrate. Neither the administrative law judge (ALJ) nor the Appeals Council in their respective decisions challenged the veracity of the affidavits and other documentary proof submitted by the plaintiff or the testimony given by her and the decedent's relatives. Benefits were denied by the ALJ on the grounds that "a cerebral hemorrhage" was the "immediate cause" of the miner's death, not pneumoconiosis, and that he was not totally disabled by the latter disease at the time of death. Tr. 19.[1] The Appeals Council, in its separate decision, also did not challenge the veracity of plaintiff's documentation but only its asserted insufficiency to show that the miner "had a totally disabling chronic respiratory or pulmonary impairment at the time of his death." Tr. 8.

From our examination of the evidence, it is apparent that the Secretary placed a burden upon the plaintiff that Congress never intended. There is no question that the deceased miner worked approximately 23 years in the coal mines, as the ALJ found. Tr. 19. His further finding that the "immediate cause of death" was a cerebral hemorrhage, which occurred while the decedent was a passenger on a bus, does not overcome the evidence provided by the family and his deceased doctor's report that decedent was treated "during 1960 thru 1964 for emphysema associated with severe respiratory problems." Tr. 98. Pharmacy records also indicated that dating back to 1946 the decedent had been under doctor's care for a "respiratory condition" and that oxygen was administered to him at regular intervals. Tr. 102.

As pointed out in *Morris v. Mathews*, 557 F.2d 563 (6th Cir.1977), the 1972 amendments to the Federal Coal Mine Health and Safety Act, 30 U.S.C. § 801 *et seq.* (1970), *as amended* (Supp. II, 1972), were intended to

---

1. References are to pages of the administrative record.

"[r]elax the often insurmountable burden of proving eligibility by prohibiting a denial of claims based solely on a negative chest roentgenogram and by presuming that miners with 15 years experience who are disabled by a respiratory or pulmonary impairment are disabled by pneumoconiosis . . . ." *Id.* at 567.

Here, the miner's widow, taken by surprise at her husband's sudden death, nonetheless provided detailed factual affidavits and other documentary evidence concerning her husband's long years as a coal miner and his subsequent respiratory illness, which has not been rebutted by the Secretary. In that state of the record, it cannot be said that the Secretary's denial of benefits to the widow is supported by substantial evidence.

Accordingly, the case is remanded to the Secretary for an award of benefits to the claimant.

SO ORDERED.

The Clerk of Court is directed to forward copies of this Memorandum of Decision and Order to counsel for the parties.